1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11    JACOB CASIAS,
                   Plaintiff,                    Case No. 25-cv-00316 BLF (PR)

12                                               **ORDER OF SERVICE; DIRECTING**
            v.                                   **DEFENDANTS TO FILE**
13                                               **DISPOSITIVE MOTION OR**
                                                 **NOTICE REGARDING SUCH**
14    F. TAPIA-ALCAZAR, JR., et al.,            **MOTION; INSTRUCTIONS TO**
                                                 **CLERK**
15                 Defendants.

16

17

18          Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42

19    U.S.C. § 1983 against correctional officers and mental health staff at Salinas Valley State

20    Prison ("SVSP"), where he was previously confined. Dkt. No. 9.[1]  Plaintiff is currently at

21    the California Health Care Facility in Stockton. *Id.* at 1.  This matter was transferred to

22    this district from the Eastern District of California, and then subsequently reassigned to the

23    undersigned. Dkt. Nos. 5, 15.  Plaintiff's motion for leave to proceed *in forma pauperis*

24    will be addressed in a separate order.

25    ///

26

27    _____
      [1] The initiating document filed on December 31, 2024, was not signed, so Plaintiff was
28    directed to file a signed complaint. Dkt. No. 6.  On January 22, 2025, Plaintiff filed the
      signed complaint which is the operative complaint in this matter. Dkt. No. 9.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Plaintiff's Claims

Plaintiff alleges that on April 24, 2023, Defendant Sgt. M. Meyer gave the order to open Plaintiff's cell in the administrative segregation unit ("ASU"). Dkt. No. 9 at 4. Then Defendants E. Barbosa, F. Tapia-Alcazar, Jr., M. Miranda, A. Morales, Y. Washington, and D. Leon entered the cell and used excessive force while placing Plaintiff in handcuffs. *Id.* at 4-5. He also alleges that Defendant T. Tucker was involved in the use of excessive force. *Id.* at 4. Plaintiff was not resisting, and he informed Defendants that he could not breath and was going to hang himself. *Id.* Plaintiff claims that as a result of the incident, he suffered injuries to his back and shoulders as well as deep cuts in his hands and wrists because the handcuffs were too tight. *Id.* at 5-6.

Plaintiff also claims that from April 23, 2023, through June 29, 2023, he requested mental health care and treatment while in ASU because he was suicidal but that none of the Doe Defendants (mental health care staff) called for a "Crisis Intervention Team" (CIT). *Id.* at 7. Then on June 29, 2023, Plaintiff heard voices and was hallucinating, as

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

well as experiencing anxiety and deep depression. *Id.* He informed "Defendants Correction Staff, Mental Health staff, and the Psych Techs on duty in the ASU that day," that he was going to hang himself but "all of the Defendants on duty refused to contact the CIT." *Id.* at 7-8. Later that day, Plaintiff attempted to hang himself and was discovered unconscious by "Defendants Doe I through Doe IV," who then provided emergency medical treatment. *Id.* at 8.

Lastly, Plaintiff claims that From April 24, 2023, through June 29, 2023, he suffered serious emotional injuries "due to these Defendants' actions," including the excessive force and the denial of mental health treatment. *Id.* at 9. Plaintiff seeks declaratory relief as well as damages. *Id.* at 10.

Based on the allegations, the Court finds the complaint states the following cognizable claims: (1) excessive force claim against correctional officers who entered Plaintiff's cell on April 24, 2023, *see Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); (2) deliberate indifference to serious mental health needs against Doe Defendants, who were SVSP's mental health staff, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (3) a damage claim for emotional injuries suffered that is accompanied by physical injury that is not de minimis, *see* 42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 627-29 (9th Cir. 2002).

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Here, it appears that Plaintiff may be able to identify the appropriate mental health care defendants by name

3

through discovery. Therefore, Plaintiff shall be given an opportunity to identify John Doe Defendants through discovery and file a motion to amend to add their proper names to this action in the time provided below. *See infra* at 7, par. 9.

Plaintiff also names the following as defendants but makes no specific factual allegations against them in the complaint: Correctional Officers Carcia, Arminata, and McNeil. Dkt. No. 9 at 1-2. Accordingly, these defendants shall be terminated from this action. Plaintiff may seek leave to amend to attempt to state factual allegations against them sufficient to state a claim and add them back to this action if he can do so in good faith.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.    Defendants Carcia, Arminata, and McNeil are **DISMISSED** without prejudice from this action as Plaintiff makes no claims against them. **Within twenty-eight (28) days** from the date this order is filed, Plaintiff may seek leave to amend to attempt to state factual allegations against them sufficient to state a claim.

The Clerk shall terminate Defendants Carcia, Arminata, and McNeil from this action.

2.    The following Defendants shall be served at SVSP:

    a.    **Sgt. M. Meyer**

    b.    **Correctional Officer F. Tapia-Alcazar, Jr.**

    c.    **Correctional Officer T. Tucker**

    d.    **Correctional Officer D. Leon**

    e.    **Correctional Officer A. Morales**

    f.    **Correctional Officer M. Miranda**

    g.    **Correctional Officer Y. Washington**

    h.    **Correctional Officer E. Barbosa**

United States District Court
Northern District of California

United States District Court
Northern District of California

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 9, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the

5

1    opinion that this case cannot be resolved by summary judgment, he shall so inform the

2    Court prior to the date the summary judgment motion is due.

3            b.        **In the event Defendants file a motion for summary judgment, the**

4    **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

5    **warnings under _Rand v. Rowland_, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  _See_**

6    **_Woods v. Carey_, 684 F.3d 934, 940 (9th Cir. 2012).**

7            4.        Plaintiff's opposition to the dispositive motion shall be filed with the Court

8    and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

9    motion is filed.

10           Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

11   _Celotex Corp. v. Catrett_, 477 U.S. 317 (1986) (holding party opposing summary judgment

12   must come forward with evidence showing triable issues of material fact on every essential

13   element of his claim).  Plaintiff is cautioned that failure to file an opposition to

14   Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

15   the granting of the motion, and granting of judgment against Plaintiff without a trial.  _See_

16   _Ghazali v. Moran_, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); _Brydges v. Lewis_, 18

17   F.3d 651, 653 (9th Cir. 1994).

18           5.        Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after

19   Plaintiff's opposition is filed.

20           6.        The motion shall be deemed submitted as of the date the reply brief is due.

21   No hearing will be held on the motion unless the Court so orders at a later date.

22           7.        All communications by the Plaintiff with the Court must be served on

23   Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

24   copy of the document to Defendants or Defendants' counsel.

25           8.        Discovery may be taken in accordance with the Federal Rules of Civil

26   Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

27   Rule 16-1 is required before the parties may conduct discovery.

28

United States District Court
Northern District of California

9.     While conducting discovery, Plaintiff is directed to attempt to ascertain the name of John Doe Defendants, and file a motion to substitute the complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed.  Failure to do so will result in the dismissal of the claims against these John Doe Defendants for failure to state a claim for relief.

10.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:  _May 6, 2025_____**

BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.25\00316Casias_svc

United States District Court
Northern District of California

7