ROB BONTA
Attorney General of California
SHARON A. GARSKE
Supervising Deputy Attorney General
REBECCA BRANDEL
Deputy Attorney General
State Bar No. 334123
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3557
  Fax:  (415) 703-5843
  E-mail:  Rebecca.Brandel@doj.ca.gov
*Attorneys for Defendants*
*W. Ossai, O. Ramirez-Chairez, N. Gounden, T. Tucker, Y. Washington, E. Ezeka, M. Meyer, F. Tapia-Alcazar, D. Leon, J. Morgado, E. Barbosa, M. Miranda, A. Morales Mungia, and Z. Sharman*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JACOB CASIAS,** | 5:25-cv-00316-BLF |
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL** |
| v. | |
| **F. TAPIA-ALCAZAR, JR., et al.,** | |
| Defendants. | Judge:      Hon. Beth Labson Freeman |
| | Trial Date:   Not Set |
| | Action Filed: December 31, 2024 |

Defendants F. Tapia-Alcazar, T. Tucker, E. Barbosa, M. Miranda, A. Morales-Mungia, Y. Washington, D. Leon, M. Meyer, Z. Sharman, N. Gounden[1], E. Ezeka, W. Ossai, J. Morgado, and O. Ramirez-Chairez (collectively, Defendants) answer Plaintiff Jacob Casias's First Amended Complaint[2], initially filed on December 31, 2024 (ECF No. 9), as amended by

---

[1] In Casias's Motion for Leave to Amend and the Court's Order granting that motion (ECF Nos. 44-45), N. Gounden is referred to as "N. Gounded."  The correct spelling of "N. Gounded" is "N. Gounden."

[2] All references to the "First Amended Complaint" herein pertain to the initially filed
(continued…)

1

Plaintiff's Motion for an Amended Complaint (ECF No. 44) and the Court's Order Granting Motion to Amend and Substitute Names of Doe Defendants (ECF No. 45), and demand a jury trial in accordance with Federal Rule of Civil Procedure 38.

Defendants Tapia-Alcazar, Tucker, Barbosa, Miranda, Morales-Mungia, Washington, Leon, and Meyer previously filed a Waiver of Reply and Demand for Jury Trial pursuant to 42 U.S.C. § 1997e(g). (ECF No. 28.) Defendants now file this Answer on behalf of all Defendants. To the extent the Waiver of Reply is inconsistent with any response herein, this Answer supersedes the Waiver as to the responding Defendants.

The Court's screening order found only Claim I (Eighth Amendment excessive force) and Claim II (Eighth Amendment deliberate indifference) to be cognizable. (ECF No. 20.) The Court found that Claim III (emotional injury) did not state a cognizable independent cause of action. (*Id.*) Defendants Garcia, Arminata, and McNeil, as originally named in the initially filed Complaint (ECF No. 9), are no longer parties to this action. (ECF No. 20.) All references to the Doe Defendants throughout the initially filed Complaint have been substituted with the names identified in Casias's motion (ECF No. 44) and the Court's order (ECF No. 45), namely: M. Russell, psychologist; Z. Sharman, psychiatrist; N. Gounden, psychological technician; E. Ezeka, psychological technician; W. Ossai, psychological technician; J. Morgado, psychological technician; and O. Ramirez-Chairez, psychological technician. Because Dr. M. Russell was a contracted employee at the time of the allegations, the Attorney General's Office does not currently represent him. M. Russell has not yet been served. Therefore, this Answer includes all named Defendants other than M. Russell.

Defendants deny all factual allegations set forth in the First Amended Complaint unless expressly admitted. Any admission is limited to the exact language of the response herein. Defendants respond to the allegations based on ECF docket page numbers and the structure used by Plaintiff within the First Amended Complaint as follows.

///

Complaint (ECF No. 9), as amended by the inclusion of the names of the Doe Defendants who are identified in Casias's Motion for Leave to Amend (ECF No. 44).

2

**ANSWER TO FIRST AMENDED COMPLAINT**

I.    **A. JURISDICTION**

1.    Responding to Section A.1 (ECF No. 9 at 1), Defendants admit that this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983.

2.    Responding to Section A.2 (ECF No. 9 at 1), Defendants admit that the allegations in the First Amended Complaint took place at Salinas Valley State Prison.

II.    **B. DEFENDANTS**

1.    Responding to the Additional Defendants page (ECF No. 9 at 2), Defendants admit that D. Leon, A. Morales-Mungia, M. Miranda, Y. Washington, and E. Barbosa are, or were at all relevant times, Correctional Officers employed by the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison.  Defendants note that Casias identified Defendant as "A. Morales" in the First Amended Complaint, and that this Defendant's correct name is A. Morales-Mungia.  Defendants admit that McNeil was originally identified as a Defendant; however, the claims against McNeil were dismissed.  (ECF No. 20.)  Defendants admit that the First Amended Complaint identified Does I through IV and that the Court has ordered these Doe Defendants substituted with M. Russell, Z. Sharman, N. Gounden, E. Ezeka, W. Ossai, J. Morgado, and O. Ramirez-Chairez.  (ECF No. 45.)  As noted earlier in this Answer, M. Russell is not represented by the Attorney General's Office at this time and has not yet been served.

2.    Responding to Section B.1 (ECF No. 9 at 3), Defendants admit that F. Tapia-Alcazar was, at all relevant times, a Correctional Officer employed at Salinas Valley State Prison.

3.    Responding to Section B.2 (ECF No. 9 at 3), Defendants admit that T. Tucker was, at all relevant times, a Correctional Officer employed at Salinas Valley State Prison.

4.    Responding to Section B.3 (ECF No. 9 at 3), the claims against Defendant Garcia have been dismissed.  (ECF No. 20.)  No response is required.  To the extent a response is deemed required, Defendants lack knowledge and information sufficient to admit or deny the allegations regarding this dismissed defendant and deny them on that basis.

///

5.      Responding to Section B.4 (ECF No. 9 at 3), the claims against Defendant Arminata have been dismissed.  (ECF No. 20.)  No response is required.  To the extent a response is deemed required, Defendants lack knowledge and information sufficient to admit or deny the allegations regarding this dismissed defendant and deny them on that basis.

**III.   C. PREVIOUS LAWSUITS**

1.   Responding to Section C (ECF No. 9 at 3), Defendants lack knowledge and information sufficient to either admit or deny the allegations regarding whether Plaintiff has filed other lawsuits while a prisoner and, on that basis, deny them.

**IV.   CAUSE OF ACTION — CLAIM I (EXCESSIVE FORCE)**

1.      Responding to Section D.1 of Claim I (ECF No. 9 at 4), Defendants deny that they violated Plaintiff's Eighth Amendment rights or any other constitutional or federal civil right, including the Fourteenth Amendment.  To the extent Plaintiff asserted a Fourteenth Amendment due process claim, the Court's screening order did not permit such a claim to proceed.  (ECF No. 20.)

2.      Responding to Section D.2 of Claim I (ECF No. 9 at 4), Defendants admit that the issue involved in Claim I concerns an allegation of excessive force by the Defendant correctional officers.  Defendants deny that any excessive force was used or that any Defendant violated any constitutional right.

3.      Responding to Section D.3, Supporting Facts of Claim I (ECF No. 9 at 4-6), Defendants respond as follows:

a.      Responding to the allegations on ECF No. 9 at 4, Defendants admit that on April 24, 2023, at approximately 12:38 p.m., an emergency cell entry was conducted at Cell 143 of the Z9 unit at Salinas Valley State Prison.  Defendants admit that Sergeant M. Meyer authorized the cell entry.  Defendants admit that Officer E. Barbosa entered the cell in the lead position carrying a riot shield, followed by Officers F. Tapia-Alcazar Jr., M. Miranda, A. Morales-Mungia, Y. Washington, and D. Leon.  Defendants deny that Plaintiff was "completely helpless on the floor" or that he was "not resisting."  Defendants deny that F. Tapia-Alcazar kneeled with his full body weight on Plaintiff's neck or that Plaintiff was unable to breathe.

4

Defendants deny that any Defendant used excessive or unnecessary force at any time during the cell entry.  Defendants deny all remaining allegations on ECF No. 9 at 4.

b.    Responding to the allegations on ECF No. 9 at 4-5, Defendants deny that T. Tucker forcefully and aggressively grabbed Plaintiff's right hand and bent it back to his wrist. Defendants deny that officers sat on Plaintiff with their full weight while he could not breathe. Defendants deny that Plaintiff was not resisting.  Defendants deny that E. Barbosa utilized "serious physical and excessive force" in applying handcuffs.  Defendants admit that Barbosa applied mechanical hand restraints to Plaintiff's wrists.  Defendants deny that the handcuffs were applied with excessive force or in any manner designed to cause unnecessary pain.  Defendants lack knowledge and information sufficient to admit or deny the allegations that Plaintiff was experiencing auditory and visual hallucinations, extreme anxiety, depression, and suicidal ideation at the time of the cell entry and deny them on that basis.  Defendants deny that Plaintiff informed the Doe Defendants (now substituted as Russell, Sharman, Gounden, Ezeka, Ossai, Morgado, and Ramirez-Chairez) on the same day that he was going to hang himself.  Defendants admit that at all times relevant to this action they were employed by the CDCR at Salinas Valley State Prison and acted in the course and scope of their employment.  Defendants deny that they acted unlawfully or in violation of any constitutional right.  Defendants deny that the handcuffs caused deep cuts or excessive bleeding.  Defendants deny the remaining allegations on ECF No. 9 at 5.

c.    Responding to the allegations on ECF No. 9 at 6, Defendants admit that the Investigative Services Unit took evidence photographs following the incident.  Defendants lack knowledge and information sufficient to admit or deny the specific injuries depicted in the photographs as described by Plaintiff and deny the characterization of those injuries on that basis. Defendants deny that Plaintiff severely injured his lower back because of Defendants' actions during the cell entry.  Defendants lack knowledge and information sufficient to admit or deny whether Plaintiff required lower back surgery in April 2024 and deny any allegation that such surgery, if it occurred, was caused by Defendants' conduct.  Defendants deny that the cell entry constituted an "attack" on Plaintiff.  Defendants deny that Plaintiff has suffered ongoing injury

and pain in his back, wrists, shoulder, hands, and headaches because of any unlawful conduct by Defendants.  To the extent Plaintiff alleges suffering, Defendants deny that any such suffering was caused by excessive or unconstitutional force.  Defendants deny the remaining allegations on ECF No. 9 at 6.

4.    Responding to Section D.4, Injury of Claim I (ECF No. 9 at 4), Defendants deny all allegations of injury as characterized by Plaintiff.  Defendants deny that F. Tapia-Alcazar kneeled with his full weight on Plaintiff's neck.  Defendants deny that T. Tucker grabbed Plaintiff's right hand and bent it all the way back to his wrist in the manner alleged.  Defendants deny that the other Defendants "sat on" Plaintiff and injured his back.  Defendants deny that any Defendant caused any injury through excessive or unconstitutional force.

5.    Responding to Section D.5, Administrative Remedies of Claim I (ECF No. 9 at 4), Defendants admit that there are available administrative remedies at Salinas Valley State Prison. Defendants lack knowledge and information sufficient to admit or deny Plaintiff's remaining allegations in this section, including his characterization that "the Office of Appeals" had let "their time" expire, and deny them on that basis.

**V.    D. CAUSE OF ACTION — CLAIM II (DELIBERATE INDIFFERENCE)**

1.    Responding to Section D.1 of Claim II (ECF No. 9 at 7), Defendants deny that they violated Plaintiff's Eighth Amendment rights or were deliberately indifferent to any serious medical or mental health need.

2.    Responding to Section D.2 of Claim II (ECF No. 9 at 7), Defendants admit that the issue involved in Claim II concerns an allegation of deliberate indifference to mental health care. Defendants deny that any Defendant was deliberately indifferent to Plaintiff's mental health needs or violated any constitutional right.

3.    Responding to Section D.3, Supporting Facts of Claim II (ECF No. 9 at 7-8), Defendants respond as follows:

a.    Responding to the allegations on ECF No. 9 at 7, the First Amended Complaint alleges that from April 23, 2023, through June 29, 2023, Plaintiff "over and over again requested mental health care and treatment" and informed the Doe Defendant Psychologist on duty that he

6

was suicidal and had plans to hang himself.  As substituted by the Court's order (ECF No. 45), the Doe Defendants are now identified as M. Russell, Z. Sharman, N. Gounden, E. Ezeka, W. Ossai, J. Morgado, and O. Ramirez-Chairez.  Defendants deny that any of these substituted Defendants received a report of suicidal ideation from Plaintiff and failed to take appropriate action.  Defendants deny that any Defendant refused to call for a Crisis Intervention Team when one was warranted.  Defendants deny that they were deliberately indifferent to Plaintiff's mental health needs.

b.     Responding to the allegations regarding June 29, 2023 (ECF No. 9 at 7-8), Defendants lack knowledge and information sufficient to admit or deny Plaintiff's characterization of his mental health symptoms on that date and deny them on that basis. Defendants deny that Defendants "refused to contact the CIT" when it was appropriate to do so. Defendant Gounden admits that Plaintiff committed self-harm on June 29, 2023.  The remaining Defendants lack knowledge and information sufficient to admit or deny whether Plaintiff ever attempted suicide or other self-harm and deny them on that basis.  Defendants lack knowledge and information sufficient to admit or deny whether Plaintiff was "unresponsive" or "rushed to Central Medical" after the alleged hanging attempt and deny those allegations on that basis.

c.     Responding to the allegations on ECF No. 9 at 8, Defendants admit that each Defendant acted in the course and scope of their employment with the CDCR.  Defendants deny that any Defendant is "the cause of Plaintiff's injuries" as alleged.  Defendants deny that Defendants had "actual knowledge" that Plaintiff would hang himself and deliberately failed to act.  Defendants deny that any Defendant knew or should have known Plaintiff would hang himself and deliberately refused to intervene.  Defendants deny that their actions or inactions "posed an unjustifiably high risk of harm" to Plaintiff.  Defendants deny the remaining allegations on ECF No. 9 at 8.

4.     Responding to Section D.4, Injury of Claim II (ECF No. 9 at 7), Defendants lack knowledge and information sufficient to admit or deny the allegation that Plaintiff hung himself using a prison sheet from the cell light fixture, injuring his back and neck, and deny it on that

///

basis. Defendants deny that any alleged injury was caused by deliberate indifference on the part of any Defendant.

5.      Responding to Section D.5, Administrative Remedies of Claim II (ECF No. 9 at 7), Defendants admit that there are available administrative remedies at Salinas Valley State Prison and California Health Care Facility. Defendants admit that Plaintiff submitted a health care grievance regarding the deliberate indifference allegations. Defendants admit that this grievance was rejected as untimely because Plaintiff did not submit it within the 30-day time period required by CDCR regulations, and that Plaintiff was given an opportunity to explain the delay and failed to respond. Defendants deny Plaintiff's characterization that he was "unable to fill an appeal due to mental illness for many months." Defendants admit that Plaintiff failed to exhaust available administrative remedies as to Claim II.

## VI.   D. CAUSE OF ACTION — CLAIM III (EMOTIONAL INJURY)

1.      Responding to Claim III (ECF No. 9 at 9), the Court's screening order found that this claim does not state a cognizable independent cause of action. (ECF No. 20.) No response is required. To the extent a response is deemed required, Defendants deny all allegations in Claim III. Defendants deny that F. Tapia-Alcazar kneeled on Plaintiff's neck, that T. Tucker bent Plaintiff's right hand back to his wrist, and that E. Barbosa grabbed Plaintiff's left wrist and forced it behind his back up to the base of his neck in the manner alleged. Defendants deny that Defendants refused to notify the Crisis Intervention Team on June 28 or June 29, 2023. Defendants deny that they caused any emotional injuries to Plaintiff.

## VII.   E. REQUEST FOR RELIEF

1.      Responding to Section E, Request for Relief (ECF No. 9 at 10), Defendants deny that Plaintiff is entitled to declaratory, compensatory, or punitive damages in any amount, whether $994,900 from each Defendant or otherwise, or any other relief whatsoever. Defendants admit that they are sued in their individual capacities and that they acted in the course and scope of their employment with the CDCR. Defendants deny that their conduct violated any constitutional right.

///

**AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses:

1.      Defendants are entitled to qualified immunity because their conduct was objectively reasonable and did not violate any clearly established constitutional right.

2.      Defendants assert that Plaintiff failed to exhaust available administrative remedies as to some or all of his claims, and therefore the Prison Litigation Reform Act bars such claims. 42 U.S.C. § 1997e.

3.      Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

4.      The force used by Defendants during the April 24, 2023, emergency cell entry was applied in a good-faith effort to maintain institutional security and restore order, not maliciously and sadistically to cause harm, and was objectively reasonable under the circumstances.

5.      Plaintiff's alleged injuries and damages, if any, were caused by intervening and superseding causes for which Defendants are not liable, including but not limited to Plaintiff's own violent resistance to a lawful emergency cell entry, his battery of correctional officers, and the independent actions of other individuals.

6.      Plaintiff's own conduct caused or contributed to his alleged injuries and damages, if any.

7.      Plaintiff has failed to mitigate his alleged injuries or damages, if any.

8.      Defendants' actions were within the scope of their employment and official duties as employees of the CDCR, and their responses were reasonable and appropriate under the circumstances and consistent with CDCR policies and procedures.

9.      Plaintiff's claims are barred to the extent success would necessarily imply the invalidity of an adjudicated disciplinary finding. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

10.     To the extent Plaintiff sues for damages against any Defendant in his or her official capacity, such Defendant is immune from such claims under the Eleventh Amendment.

11. Because the First Amended Complaint is couched in conclusory and ambiguous terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. The defenses and affirmative defenses identified herein are based on the facts and information currently known to Defendants. Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are or become applicable.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38, Defendants demand that this action be tried by a jury.

**PRAYER FOR RELIEF**

Defendants pray for judgment as follows:

1. That Plaintiff take nothing by this action.

2. That judgment be entered against Plaintiff and in favor of Defendants.

3. That Defendants be awarded their costs of suit and reasonable attorney's fees.

4. That Defendants be awarded such other and further relief as this Court deems just and proper.

Dated: March 23, 2026                         Respectfully submitted,

                                              ROB BONTA
                                              Attorney General of California
                                              SHARON A. GARSKE
                                              Supervising Deputy Attorney General


                                              */s/ Rebecca Brandel*
                                              REBECCA BRANDEL
                                              Deputy Attorney General
                                              *Attorneys for Defendants*
                                              *W. Ossai, O. Ramirez-Chairez, N.*
                                              *Gounden, T. Tucker, Y. Washington, E.*
                                              *Ezeka, M. Meyer, F. Tapia-Alcazar, D.*
                                              *Leon, J. Morgado, E. Barbosa, M.*
                                              *Miranda, A. Morales Mungia, and Z.*
                                              *Sharman*

SA2025303812
45002918

10

# CERTIFICATE OF SERVICE

Case Name:   **Jacob Casias (AS5750) v. F. Tapia-Alcazar, et al.**     No. **5:25-cv-00316-BLF**

I hereby certify that on **March 23, 2026**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **March 23, 2026**, at Baldwin Park, California.

| J. Garcia | /s/ J. Garcia |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On **March 23, 2026**, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jacob J. Casias
AS5750
Kern Valley State Prison
P.O. Box 3130
Delano, CA  93216-3130

Jacob J. Casias, #AS5750
c/o Parole Agent Hector Orozco
South Bay GPS
909 Coleman Ave.
San Jose, CA  95110
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **March 23, 2026**, at Los Angeles, California.

| V. Perez | /s/ V. Perez |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

SA2025303812 / 68337235